LOTTINGER, Judge.
This suit results from an automobile accident which occurred in the Parish of Pointe Coupee at the intersection of Louisiana Highway 983, referred to as Rougon Road and Louisiana Highway No. 414, generally known as Jarreau Road. The petitioners are Melvin Joseph Waller, the owner of one of the cars who sues individually and for and on behalf and as administrator of the estate of his minor son, Melvin Joseph, and Mrs. Charnell F. Waller, who was the driver of a Volkswagon automobile at the time of the accident. The defendants are Joseph D. Smith, Jr., the owner of the other car, Mrs. Jovita Smith, the driver of the car and their insurer, Louisiana Farm Bureau Mutual Insurance Company.
A companion suit was filed by Southern Farm Bureau and Joseph D. Smith against Melvin J. Waller, Sr. and Charnell F. Waller. The suits were consolidated, the other case bearing Number 10206 on this docket, La.App., 311 So.2d 901. Both cases will be treated in this opinion, however, separate judgments will be rendered.
The findings of fact of the lower court are as follows:
“It is the opinion of this Court from the physical evidence presented by the police investigation as well as the testimony of all witnesses, that Mrs. Waller attempted to stop when she realized the Smith vehicle was approaching on her left and the automobile unexpectedly stalled in the Smith lane of travel. I do not believe Mrs. Waller actually stopped at the stop sign and ascertained that the traffic both from the west and the east was sufficiently clear for her to attempt a left turn onto the Jarreau Road. I believe that she slowed down at the intersection and did not realize that the Smith vehicle was approaching from around the curve from the west until she had passed the stop sign, at which time she attempted to suddenly stop this car, with which she was unfamiliar, as this small foregin car stalled because of the manner in which she attempted to stop and turn left at the same time. This caused an unexpected emergency on the part of the Smith vehicle who had a right to expect the traffic approaching from the unfavored Road, Louisiana Highway 983, to stop, thereby permitting the Smith vehicle to proceed on its way on the favored highway. The fact that the Waller vehicle left skid marks on Louisiana Highway 983 after it had passed the stop sign indicates this was the true set of facts to be gleaned from all of the testimony in this case. If Mrs. Waller did stop at the stop sign, she should have stayed there until the Smith vehicle had cleared the intersection. The skid marks indicate that Mrs. Waller apparently was not paying attention and intended to enter the intersection from the unfavored roadway. When Mrs. Waller saw the approaching Smith vehicle she slammed on her brakes and skidded to the eastbound traffic lane of Louisiana Highway 414 where she was struck either as she stopped or immediately after she stopped. Even Plaintiff’s counsel’s memorandum notes these are the facts.
‘After driving a few feet toward the intersection, Mrs. Waller’s vehicle began to miss and stall because apparently the engine did not get enough gas to continue to operate. She then tried to stop before entering Highway 414 by applying her brakes. After stalling, Mrs. Waller did everything in her power to get the car started again, but was not able to do so. Her car was stopped, partially blocking the right hand lane of the two lane highway for vehicles travelling from Mrs. Waller’s left to right.’
The doctrine- of last clear chance does not apply here because the Smith vehicle was traveling at a lawful rate of speed and did not have sufficient time to extricate the Wallers from the position of peril in which they found themselves. If they were on the highway only 10 or 12 *901 seconds as indicated by the testimony, although Mrs. Smith did not necessarily use the very best judgment in continuing straight on her path in an easterly direction, as no traffic was approaching and she could have veered toward the left lane of 414, the law does not charge her with having exercised the best judgment when presented with an unexpected emergency. Mrs. Smith expected the Waller vehicle to stop on Louisiana Highway 983 and apparently proceeded in an easterly direction on 414 in the belief that it would stop and would not create this emergency condition.'
It is not reasonable to believe that Mrs. Smith would drive 1300 feet into an object partially obstructing her path if she could veer to her left a few feet and pass around the obstruction. (The figure “1300 feet” is used because Mrs. Waller stated she noticed there was no one coming within a quarter of a mile, so she started foward from the stop sign).
It is further the opinion of this Court that the failure of Mrs. Waller to yield to the oncoming and favored traffic of Louisiana Highway 414 was the sole proximate cause of this accident and therefore in suit 11,072 the plaintiff, Southern Farm Bureau Casualty Insurance Company and Joseph D. Smith, Jr. shall be allowed to recover stipulated damages for repairs to the Smith vehicle which amount to $627.69, as indicated by the estimates which were admitted in evidence and agreed upon by counsel, as being the damages of the Smith vehicle.”
The decision to be made is based strictly on the findings of fact. The Wallers attempt to discredit Mrs. Smith’s testimony declaring that she gave two different versions of the accident. This may be so, but the Court justified this on the fact that Mr. Waller appeared at the scene almost immediately after the accident and cursed her so as to make her nervous and frightened.
The Wallers, on the other hand, testified that the Volkswagon car stalled in the Smith lane of traffic. The state trooper who investigated the accident, however, testified that the Waller vehicle left skid marks which were six feet on the left wheel, seven feet on the right wheel and three feet on the rear left wheel. It appears to us that if the vehicle stalled as they claim it would have left no skid marks.
The jurisprudence of this sovereign state is to the effect that the decision of the lower court with reference to the credibility of witnesses will not be disturbed unless manifestly erroneous. We find no manifest error on the part of the lower court.
For the reasons assigned, the judgment of the lower court will be affirmed; all costs of this appeal to be paid by petitioners.
Affirmed.